IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY M. BARR, | : | CIVIL ACTION NO. **4:CV-12-2020** |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| TEXTRON, INC., | : | |
| t/a TEXTRON/LYCOMING ENGINES, | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On October 8, 2012, Plaintiff Tracy M. Barr, an adult female residing in Tioga County, Pennsylvania, timely filed this instant employment discrimination case pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Pennsylvania Humans Rights Act ("PHRA"), 43 P.S. § 951, *et seq.*, against her former employer, Defendant Textron, Inc., t/a Textron/Lycoming Engines ("Textron").  (Doc. 1). Plaintiff's Complaint consists of five, typed pages, and does not contain any Exhibits.  Plaintiff is represented by Attorney Jonathan E. Butterfield of Murphy, Butterfield and Holland, P.C., located at 442 William Street, Williamsport, Pennsylvania, 17701.  Defendant Textron Incorporated is a Delaware Corporation with its place of business located at 652 Oliver Street, Williamsport, Pennsylvania 17701, and is represented by Attorney Robin A. Read of McNerney, Page, Vanderlin and Hall, located at 433 Market Street, Williamsport, Pennsylvania 17703.  Plaintiff essentially alleges that she was retaliated against for complaining about sexual harassment while working for Defendant Textron

on April 8, 2011.

On October 12, 2012, Plaintiff filed a disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure. (Doc. 2). Attorney Robin A. Read entered her appearance on behalf of Defendant Textron, on October 17, 2012. (Doc. 3). On October 17, 2012, Defendant Textron, filed a Motion to Dismiss or For a More Definite Statement with an attached Exhibit A, *i.e.*, a copy of Plaintiff's administrative Complaint filed with the Pennsylvania Humans Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). (Doc. 4). Defendant waived service of Plaintiff's Complaint, under Fed.R.Civ.P. 4, at the time it filed its motion. (Doc. 4, p. 2, ¶ 3). On October 23, 2012, Defendant Textron filed a Corporate Disclosure Statement. (Doc. 5). On October 31, 2012, Defendant Textron, Inc., filed a Brief in Support of its Document 4 Motion to Dismiss. (Doc. 6). On November 14, 2012, Plaintiff filed a Brief in Opposition to Defendant's Document 4 Motion to Dismiss. (Doc. 7). Lastly, on January 17, 2013, this case was reassigned from Judge Conner to Judge Brann, who referred the case to the undersigned via verbal order for pretrial matters.

Defendant Textron did not file a reply brief in response to Plaintiff's Document 7 Brief in Opposition and the time to file such brief has expired. Thus, Defendant Textron's **Document 4 Motion to Dismiss** is ripe for disposition.

The Court has jurisdiction over Plaintiff's Title VII claim under 28 U.S.C. § 1331, and has supplemental jurisdiction over Plaintiff's state law PHRA claim under 28 U.S.C. § 1367.

## II.    MOTION TO DISMISS STANDARD OF REVIEW.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard
> applicable to a motion to dismiss in light of the United States Supreme Court's
> decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft
> v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).   "[T]o survive a motion to
> dismiss, a complaint must contain sufficient factual matter, accepted as true
> to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949
> (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a
> complaint that states a plausible claim for relief survives a motion to dismiss."
> *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint
> states a plausible claim for relief will ... be a context-specific task that requires
> the reviewing court to draw on its judicial experience and common sense."
> *Id.* (citation omitted).   *McTernan v. City of York,* 577 F.3d 521, 530 (3d
> Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in
> detail and provided a road map for district courts presented with a motion to
> dismiss for failure to state a claim in a case filed just a week before *McTernan,
> Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal
> elements of a claim should be separated. The District Court must accept all
> of the complaint's well-pleaded facts as true, but may disregard any legal
> conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then
> determine whether the facts alleged in the complaint are sufficient to show
> that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words,
> a complaint must do more than allege a plaintiff's entitlement to relief. A
> complaint has to "show" such an entitlement with its facts. *See Philips [v. Co.
> of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme
> Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct, the complaint has
> alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,*
> 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific
> task that requires the reviewing court to draw on its judicial experience and
> common sense." *Id.  Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not
> entitled to the same deference as well-pled facts. In other words, "the court

is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).

## III.    PERTINENT DOCUMENTS.

### A.    Complaint Allegations

Plaintiff alleges that on February 10, 2011, she was assigned by ManPower, her employer, to work (temporarily) as a receptionist at Defendant Textron's plant located on Oliver Street, Williamsport, Pennsylvania 17701.  (Doc. 1, p. 2).  On approximately March 24, 2011, Plaintiff alleges that Defendant Textron's Director of Customer Service and Operations Michael Everhart informed her "that she was doing a good job and was in line to be permanently hired for a position in customer service."  (Doc. 1, p. 3).  Plaintiff alleges that in April 2011, she was "subjected to sexual harassment in the form of lewd remarks and gestures" from Dwayne Herlocher, an employee of Defendant Textron.  (*Id.*).  Plaintiff avers that she complained to Defendant Textron's litigation manager Barbara Stretts on April 8, 2011, about the sexual harassment she was subjected to by Dwayne Herlocher and she indicated to Stretts that she wanted it stopped.  (*Id.*).  At the end of the work day on April 8, 2011, *i.e.,* the same day of her complaint to Barbara Stretts, Plaintiff states that she was terminated at Defendant Textron, and was told that she was "no longer being considered for a permanent position in customer relations."  (*Id.*). Plaintiff avers that after Defendant Textron failed to hire her for a permanent position, she was not able to obtain a comparable position with another employer.  Plaintiff

concludes that Defendant's actions were "wanton, willful, and malicious, and in reckless indifference to the Plaintiff's state and federal rights" and that they caused damage to her career. (*Id.*).

Plaintiff alleges that on July 30, 2012, she received a "Right to Sue" letter from the EEOC, and that she therefore, "exhausted all administrative remedies and has taken all other steps necessary to bring this action before this court." (Doc. 1, p. 1).[1]

Thus, as mentioned, Plaintiff alleges that she was terminated as retaliation due to her complaints regarding the sexual harassment by Defendant Textron's employee Dwayne Herlocher, and as a result, she is "unable to secure a comparable position," has suffered damages to her career, and has suffered "humiliation and emotional trauma." (Doc. 1, p. 3).

Based on these facts, Plaintiff raises the following five (5) Counts in her Complaint: (1) a Title VII sexual discrimination claim alleging that Plaintiff's termination was unlawful since she is a member of a protected class (female), similarly-situated males were treated differently, and Defendant Textron did not have a legitimate non-discriminatory reason for terminating Plaintiff; (2) a Title VII hostile work environment claim alleging that Plaintiff was subjected to

---

[1]According to Defendant's Document 6 Brief in Support of its Document 4 Motion to Dismiss, on August 23, 2011, Plaintiff filed a Complaint with the PHRC and the EEOC, a copy of which is attached to Defendant's Brief in Support of its Document 4 Motion to Dismiss as Exhibit "A." (Doc. 6, p. 1, Exhibit "A"). In this administrative Complaint, Plaintiff alleged a retaliation claim based on her complaints of sexual harassment by an employee of Defendant Textron in violation of the PHRA and Title VII. (Doc. 6, p. 1). In February of 2012, the PHRC dismissed Plaintiff's administrative Complaint, and on July 30, 2012, according to the Defendant, the EEOC issued "a Dismissal and Notice of Rights advising Plaintiff that the EEOC found no merit to Plaintiff's Complaint." (Doc. 6, p. 1).

sexual harassment while employed at Defendant Textron which created a hostile work environment; (3) a Title VII retaliation claim alleging that Defendant Textron's termination of Plaintiff's employment and Defendant Textron's failure to hire Plaintiff were due to her complaint about being sexually harassed at the workplace; (4) a Title VII failure to hire claim alleging that Defendant Textron had no legitimate non-discriminatory reason for failing to hire Plaintiff; and (5) a PHRA claim alleging that all of the above-described actions of Defendant Textron violated her rights under the PHRA.  (Doc. 1, pp. 4-5).

As relief, Plaintiff requests compensatory and liquidated and/or punitive damages, "including damages for past and future lost wages, damages for emotional distress, liquidated or punitive damages, attorney's fees, and such equitable relief, including hiring, as would be just and proper."  (Doc. 1, p. 5).

**B.    Defendant's Motion to Dismiss, or in the Alternative, Motion for a More Definitive Pleading, and Brief in Support**

In response to Plaintiff's Complaint, Defendant Textron filed, in part, a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), based on the following grounds: (1) lack of jurisdiction under Rule 12(b)(1) since Plaintiff failed to exhaust her available administrative remedies with the PHRC and the EEOC regarding her Count II, Title VII hostile work environment claim; and (2) failure to state a claim under Rule 12(b)(6) with regards to Counts I, III, IV and V.  Defendant Textron filed, in the alternative, a Motion for a More Definite Statement, in accordance with Rule 8(a) and Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 4, pp. 1-3).  As alternative relief to dismissal of Plaintiff's Complaint, Defendant requests the Court to order Plaintiff to file an Amended Complaint arguing that Plaintiff failed to state her

claims in her initial Complaint with enough specificity in accordance with Rule 8 of the Federal Rules of Civil Procedure and the requirements set out by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). (Doc. 4, p. 4). Defendant also states that Rule 12(e) of the Federal Rules of Civil Procedure "provides this Court the authority to require Plaintiff to file a more definite statement if a pleading is so vague or ambiguous that the moving party cannot reasonably prepare a response." (Doc. 4, p. 3). Furthermore, Defendant also states that "[i]n its current state, the Defendant cannot answer or otherwise plead to Plaintiff's Complaint as it is devoid of factual support and is instead a formulaic recitation of some of the elements necessary to prove harassment, discrimination and/ or a hostile [work] environment." (Doc. 4, p. 4).

To elaborate, in its Document 4 Motion to Dismiss, Defendant alleges that Plaintiff's allegations contained conclusions of law without factual support in violation of Rules 12(b)(6) and 8(a)of the Federal Rules of Civil Procedure in the following instances: (1) with regards to Plaintiff's "Count I- Sex Discrimination- Termination-In Violation of 42 U.S.C. § 2000, *et seq*.," Plaintiff asserted conclusions of law by stating "that similarly situated male employees were treated more favorably;" (2) with regards to Plaintiff's "Count II-Hostile Work Environment- In Violation of 42 U.S.C. § 2000, *et seq*.," Plaintiff's allegation that a hostile work environment existed was a conclusion of law without any factual support; and (3) with regards to Plaintiff's "Count IV-Failure to Hire- In Violation of 42 U.S.C. § 2000, *et seq*.," Plaintiff's allegation that Defendant had no legitimate non-discriminatory reason for not hiring Plaintiff is a conclusion of law because Plaintiff did not allege an available position for which she was not considered.

(Doc. 4, pp. 2-3). Furthermore, Defendant argues that Paragraph 13 of Plaintiff 's Complaint which alleges that Plaintiff was subjected to "sexual harassment in the form of lewd remarks and gestures from Textron employee, Dwayne Herlocher" lacks the factual specificity required by Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 4, p. 3).

In its Brief in Support of its Motion to Dismiss, and in the Alternative, Motion for a More Specific Pleading, Defendant makes two (2) arguments. First, Defendant argues that Count II (Title VII hostile work environment claim) of Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies with the PHRC and the EEOC because Plaintiff never raised her hostile work environment claim in her administrative Complaint which was dually filed with the PHRC and EEOC. (Doc. 6, pp. 3-4).

Second, Defendant argues that the "Complaint should be dismissed for failure to state a cause of action upon which relief could be granted in violation of Federal Rule of Civil Procedure 8(a)." More specifically, Defendant argues that with regards to Plaintiff's Title VII gender discrimination claim, Plaintiff has failed to plead the four factors necessary to successfully raise a gender discrimination claim because while she is a member of a protected class, she has failed to allege that she is qualified for the position in question, that she suffered an adverse employment action and failed to provide evidence that similarly-situated males were treated differently. (Doc. 6, pp. 5-6). Furthermore, Defendant contends that Plaintiff's blanket statements that Defendant Textron's employee Dwayne Herlocher made "lewd remarks" and "gestures" does not provide the Court with sufficient information as to whether sexual discrimination occurred. Further, Defendant argues that Plaintiff failed to provide sufficient

factual information as to whether Defendant Textron knew or should have known of the harassment and failed to take remedial action.  (Doc. 6, p. 6).

Defendant also argues that with regards to Plaintiff's Title VII hostile work environment claim, Plaintiff failed to plead the following five factors necessary to properly raise such a claim: (1) that she suffered "intentional discrimination because of her gender;" (2) that the discrimination was "severe and pervasive;" (3) that the discrimination detrimentally affected her; (4) that the "discrimination would detrimentally affect a reasonable person of the same sex in that position;" and (5) the existence "of *respondeat superior* liability."  (Doc. 6, p. 6)(citing *Watson v. Pennsylvania*, 251, F.3d 420, 426 (3d. Cir. 2001).

Lastly, with regards to Plaintiff's Title VII retaliation claim, Defendant argues that Plaintiff has failed to plead, in accordance with Rule 8(a) requirements of factual sufficiency, that she was engaged in a protected activity, that an adverse employment action was taken against her in response to the exercise of a protected activity, and that a causal link exists between the protected activity and the adverse employment action.  (Doc. 6, p. 7)(citing *Farrell v. Planters Lifesavers Company*, 206 F.3d 271, 279 (3d Cir. 2000)).

Furthermore, in the alternative to the aforementioned arguments Defendant makes for the Court to dismiss Plaintiff's Complaint, Defendant argues that the Court should order Plaintiff to file a more definite statement in accordance with Rule 12(e) of the Federal Rules of Civil Procedure.  (Doc. 6, p. 8).  Defendant argues that "Plaintiff has failed to alleged facts demonstrating she is entitled to relief.  In the event this Court does not dismiss Plaintiff's Complaint in its entirety, this Court should require Plaintiff to file an Amended Complaint with

a more definite statement in order to comport with the mandate of Federal Rule of Civil Procedure 8(a)(2)." (Doc. 6, p. 8).

### C. Plaintiff's Brief in Opposition to Motion to Dismiss

In her Brief in Opposition to Defendant's Document 4 Motion to Dismiss, Plaintiff withdraws Counts I, II and IV of her Complaint, but contends that while she is withdrawing these three Counts against Defendant, the facts from these counts remain relevant to her remaining claims, which are Count III, Title VII retaliation claim, and Count V, PHRA claim. (Doc. 7, p. 1). Therefore, Plaintiff does not address Defendant's failure to exhaust administrative remedies argument in relation to Count II because Plaintiff is voluntarily withdrawing this claim.

As mentioned, with respect to the remaining Count III, a Title VII retaliation claim, Plaintiff alleges that Defendant Textron's termination of her employment and Defendant Textron's failure to hire Plaintiff were retaliatory for her complaint about being sexually harassed at the workplace. In remaining Count V, Plaintiff raises a retaliation claim (identical to her Title VII claim) under the PHRA.[2]

Plaintiff argues these remaining retaliation claims in Counts (Count III and Count V) should not be dismissed for failure to state a cause of action upon which relief can granted because she has properly pled that: (1) she was engaged in the protected activity of complaining

---

[2]We note that the analysis of Plaintiff's remaining Title VII retaliation claim (Count III) applies equally to Plaintiff's PHRA claim (Count V). *See Rozic v. Trinity Industries, Inc.*, 47 Fed. Appx. 151, 152, 2002 WL 31151322 , **1 (3d Cir. Pa.); *Davis v. Tammac Corp*. 127 F. Supp. 2d 625, 629, n. 6 (M.D. Pa. 2000) ("Claims brought under the PHRA are analyzed under the same standards as their federal counterparts." (Citations omitted)); *Thimons v. PNC Bank, N.A.*, 254 Fed. Appx. 896, 897 n. 1 (3d Cir. 2007).

to litigation manager Barbara Stretts regarding the lewd remarks and gestures made by Defendant Textron's employee Dwayne Herlocher; (2) she alleges that an adverse employment action was taken against her because on the same day that she complained about Dwayne Herlocher's actions, she was terminated and told she was no longer being considered for a permanent position with Textron; and (3) the "timing of the actions in and of itself establishes a causal link" between the protected activity and the adverse action. (Doc. 7, pp. 2-3). In support of her causal link argument, Plaintiff points to the Pennsylvania Eastern District Court decision rendered in *Clair v. Augusta Aerospace Corporation*, 592 F.Supp.2d 812, 824 (E.D. Pa. 2009), in which the Court noted that "the one week time lapse between the plaintiff's 'threat' (complaint to supervisor of discrimination) and her termination is sufficient to establish a causal link between the protected activity and the adverse action."

Plaintiff also argues that the Court should not dismiss her Count V PHRA retaliation claim for failure to establish sufficient factual information because she has enumerated facts sufficient to establish "a plausible claim of retaliation and a concordant violation of the Pennsylvania Human Relations Act, 43 P.S. § 955." (Doc. 7, p. 4).

Thus, Plaintiff contends that the Court should deny Defendant's Rule 12(b)(6) Motion to Dismiss with respect to her retaliation claims.

Lastly, Plaintiff argues that because she has set forth sufficient facts in accordance with Rule 8(a) of the Federal Rules of Civil Procedure with regards to her remaining Count III and Count V retaliation claims, the Court should deny Defendant's Motion for a More Definite Statement. (*Id*.).

## IV.    DISCUSSION.

### A.    Counts I, II and IV.

First and foremost, because Plaintiff has voluntarily withdrawn Counts I, II and IV of her Complaint, we will not be addressing these claims or Defendant's Motion to Dismiss in relation to these claims, including the argument that Plaintiff failed to exhaust her EEOC and PHRC remedies regarding her Count II hostile work environment claim.

According to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). As stated, Plaintiff is requesting that Counts I, II and IV of her Document 1 Complaint be dismissed. Because Plaintiff has not exhausted her administrative remedies with respect to all of these claims, because we find futility in allowing an amendment of these claims and, because we find  undue prejudice to Defendants if these claims were allowed to be amended,  we will recommend that the Court dismiss with prejudice Counts I, II and IV of Plaintiff's Complaint.

### B.    Count III- Retaliation in violation of EEOC's Title VII, 42 U.S.C. § 2000e-3 and Count V- Retaliation in violation of the PHRA, 43 P.S. § 951.963.

In Counts III and V of her Complaint, as described above, Plaintiff alleges that Defendant Textron retaliated against her in violation of both Title VII, 42 U.S.C. § 2000e-3, and the PHRA, 43 P.S. § 951.963, by terminating her the same day that she verbally complained to litigation manager Barbara Stretts regarding Dwayne Herlocher's lewd gestures and remarks.  (Doc. 1, pp. 3-5). After her complaint to Stretts, Plaintiff  was allegedly told that she was "no longer being considered for a permanent position in customer relations."  Plaintiff contends that this action

was in retaliation for the complaint she made to Barbara Stretts. (*Id.*). Also, Plaintiff avers that Defendant's actions were "wanton, willful, and malicious, and in reckless indifference to the Plaintiff's state and federal rights." (*Id.*).

Plaintiff alleges that on July 30, 2012, she received a "Right to Sue" letter from the EEOC, and that she therefore, "exhausted all administrative remedies and has taken all other steps necessary to bring this action before this court." (Doc. 1, p. 1).[3]

Plaintiff alleges that as a result of her termination caused by her complaint regarding the sexual harassment by Defendant Textron's employee Dwayne Herlocher, she is "unable to secure a comparable position," has suffered damages to her career, and has suffered "humiliation and emotional trauma." (Doc. 1, p. 3).

Based on these facts, Plaintiff alleges (in both her Complaint and Brief in Opposition to Defendant's Motion to Dismiss) two counts of retaliation under both the Title VII, 42 U.S.C. § 2000e-3 (Count III), and the PHRA, 43 P.S. § 951.963 (Count V), based on her complaint

---

[3] According to Defendant's Document 6 Brief in Support of its Document 4 Motion to Dismiss, on August 23, 2011, Plaintiff filed a Complaint with the PHRC and EEOC, a copy of which is attached to Defendant's Brief in Support of its Document 4 Motion to Dismiss as Exhibit "A." (Doc. 6, p. 1, Exhibit "A"). In this complaint, Plaintiff alleged a retaliation claim based on her complaints of sexual harassment by an employee of Defendant Textron in violation of the PHRA and Title VII. (Doc. 6, p. 1). In February of 2012, the PHRC dismissed Plaintiff's Complaint, and on July 30, 2012, according to the Defendant, the EEOC issued "a Dismissal and Notice of Rights advising Plaintiff that the EEOC found no merit to Plaintiff's Complaint." (Doc. 6, p. 1). In her Brief in Opposition, Plaintiff concedes to these facts. (Doc. 1, p. 1). Thus, it is not disputed that Plaintiff exhausted her administrative remedies with respect to her remaining retaliation claims under Title VII and the PHRA.

about gender discrimination because: (1) she was engaged in the protected activity of complaining to litigation manager Barbara Stretts about the lewd remarks and gestures made by Dwayne Herlocher; (2) she suffered two adverse employment actions as a result of engaging in the protected activity of reporting the lewd remarks and gestures made by Dwayne Herlocher because she was not only terminated from her position with Defendant Textron, but also was told that she was no longer being considered for a permanent customer relations position with Textron; and (3) there was a causal link between the protected activity of reporting the lewd remarks and gestures to Defendant Textron's litigation manager Barbara Stretts and the adverse employment action because she was terminated the very same day that she complained about Dwayne Herlocher's lewd, gender-biased remarks. (Doc. 1, p. 3); (Doc. 7, pp.2-3).

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to plead, in accordance with Rule 8(a) requirements of factual sufficiency, that she was engaged in a protected activity, that an adverse employment action was taken against her in response to the exercise of a protected activity, and that a causal link exists between the protected activity and the adverse employment action. (Doc. 6, p. 7) (citing *Farrell v. Planters Lifesavers Company*, 206 F.3d 271, 279 (3d Cir. 2000)). Defendant also alternately argues that the Court should order Plaintiff to file a more definite pleading in accordance with Rule 8(a) pleading provisions. (*Id*.).

Initially, as noted, because Plaintiff has dually filed her retaliation claim with the EEOC and the PHRC and received a "Right to Sue" Letter, she has effectively exhausted her administrative remedies. Thus, is permitted to raise her Count III and Count V retaliation claims in this Court.

In *Barzanty v. Verizon PA, Inc.*, 361 Fed.Appx. at 413-414, the Third Circuit stated:

> A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC. *Id.* §§ 2000e-5(b), (e)(1), (f)(1). The EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action. *Burgh v. Borough Council,* 251 F.3d 465, 470 (3d Cir.2001). The ensuing suit is limited to claims that are within the scope of the initial administrative charge. *Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir.1996). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Id.*
>
> After a charge is filed, "the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination....' " *Hicks v. ABT Assoc., Inc.,* 572 F.2d 960, 966 (3d Cir.1978) (quoting *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398-99 (3d Cir.1976)); *see also Antol,* 82 F.3d at 1295; *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir.1984). Although this standard does not necessarily preclude a plaintiff from asserting a claim for the mere failure to check a box on an EEOC Charge Form, it does prevent a plaintiff from "greatly expand[ing] an investigation simply by alleging new and different facts when [s]he [is] contacted by the Commission following [her] charge." *Hicks,* 572 F.2d at 967. Because the EEOC is required to serve notice on the employer against whom the charges are made, this standard also allows an employer to be put on notice of the claims likely to be filed against it. *See* 42 U.S.C. § 2000e-5(b), (e)(1).

Plaintiff's instant Complaint reveals that she filed a retaliation claim under Title VII against Defendant with the EEOC and also with the PHRC. As stated, Plaintiff must exhaust her administrative remedies before she can file a Title VII action and an action under the PHRA in federal court. *See McIntyre v. City of Wilmington*, 360 Fed. Appx. 355, 356 (3d Cir. 2010)(citation omitted); *Kern v. Schuylkill Inter. Unit 29*, 2010 WL 235107, *3 (M.D.

Pa.).

Once the EEOC issues a decision regarding a discrimination complaint, a party is required to file a civil action in federal court within ninety (90) days of the EEOC decision. *McIntyre v. City of Wilmington*, 360 Fed. Appx. at 357, n. 3.

In *Kern*, the Court stated:

> Under Title VII, a charge of employment discrimination must be filed with the EEOC within 180 days of the last claimed act of discrimination. 42 U.S.C. § 20002-5(e)(1); *Oshiver v. Levin,* 38 F.3d 1380, 1385 (3d Cir.1994). While the receipt "of a right-to-sue letter is indeed a statutory prerequisite to filing suit under Title VII[,] when faced with a situation where the EEOC has failed to issue the letter even though the 180-day deadline has expired, courts have allowed a plaintiff to maintain a Title VII action provided that she can show that she is entitled to the right-to-sue letter and has requested it." *Johnson-Medland v. Bethana,* No. 96-4258,1996 WL 612467, *6 (E.D.Pa.1996) (citing *Fouche v. Jekyll Island-State Park Authority,* 713 F.2d 1518, 1526 (11 th Cir.1983); *Lynch v. Borough of Ambler,* No. 94-6401, 1995 WL 113290, * 5 (E.D.Pa.1995); *Johnson v. Duval County Teachers Credit Union,* 507 F.Supp. 307, 309 (M.D.Fla.1980); *Stapper v. Texas Dept. of Human Resources,* 470 F.Supp. 242, 245-46 (W.D.Tex.1979)). Otherwise, parties would be required to file a suit for a writ of mandamus "compelling the EEOC to issue the letter [which would] be unduly cumbersome." *Id.*

*Kern v. Schuylkill Inter. Unit 29*, 2010 WL 235107, *4.

Therefore, because Plaintiff has exhausted her EEOC and PHRC administrative remedies with respect to her retaliation claim and received a "Right to Sue" Letter on July 30, 2012, from the EEOC and a final decision from the PHRC, and because Plaintiff filed her Complaint with this Court on October 8, 2012, within the ninety (90) day statute of limitations after receipt of the EEOC and PHRC's final decisions, this Court has jurisdiction over her claim. Thus, we are free to move onto

Defendant's Motion to Dismiss argument that Plaintiff failed to plead her retaliation claim in accordance with the pleading requirements of Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. We have stated above the Motion to Dismiss standard.

Furthermore, in order to properly plead a gender discrimination retaliation claim in violation of Title VII of 42 U.S.C. § 2000e-3, a plaintiff must prove a *prima facie* case by providing facts that show that: (1) she was engaged in a protected activity; (2) she has suffered an adverse employment action based on exercise of the protected activity; and (3) there is a causal link between the protected activity and the adverse employment action. *Hussein v. UPMC Mercy Hospital*, 466 Fed. Appx. 108, 111-12 (3d Cir. 2012)(citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)).

In *Hussein*, the Third Circuit stated the following about the PHRA in relation to Title VII:

The PHRA, which we generally interpret consistently with Title VII, likewise forbids employers from retaliating against employees for asserting their rights under the PHRA. See *Fogleman v. Mercy Hosp.*, 283 F.3d 561, 567 (3d Cir. 2002)("The language of the PHRA is . . . substantially similar to [Title VII and other federal] anti-retaliation provisions, and we have held that the PHRA is to be [] interpreted as identical to federal anti-discrimination laws except where there is something specifically different . . . .") (citing *Dici v. Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996)).

*Hussein*, 466 Fed. Appx. at 112.

Therefore, we will be analyzing Plaintiff's Count III Title VII retaliation claim and Count V PHRA retaliation claim under the aforementioned Title VII retaliation *prima facie* requirements.

In examining the facts alleged in Plaintiff's Complaint in relation to Rule 8(a)'s pleading requirements, we find that Plaintiff has pled her Count III and Count V retaliation claims with enough factual sufficiency and has properly pled the elements necessary to successfully raise state

a *prima facie* retaliation claim under both Title VII and the PHRA. To reiterate, Plaintiff stated the following facts relevant and in support of her retaliation claim:

5. On or about March 24, 2011,Complainant was advised by Michael Everhart, Director of Customer Service and Operations [of Textron, Inc.] that she was doing a good job and was in line to be permanently hired for a position in customer service.

6. In April 2011, the Complainant was subject to sexual harassment in the form of lewd remarks from Textron employee, Dwayne Herlocher.

7. On April 8, 2011, Complainant went to Barbara Stretts, litigation manager for Textron, and complaint to Barbara Stretts that she was being subjected to sexual harassment from Dwayne Herlocher and wanted it to stop.

8. On that same day, April 8, 2011, after the conclusion of the work day, the Complainant was informed that her services were no longer needed at Textron.

9. The Complainant is no longer being considered for a permanent position in customer relations.

(Do. 6-1, pp. 1-2).

Therefore, based on these facts presented in Plaintiff's Complaint, we find that Plaintiff has properly alleged her *prima facie* case regarding her retaliation claims with enough factual sufficiency in accordance with Rule 8(a) of the Federal Rules of Civil Procedure because she provides facts showing that: (1) she was engaged in a protected activity of complaining of the sexual harassment by Defendant Textron's employee Dwayne Herlocher; (2) she suffered an adverse employment action based on this complaint because she was terminated and told she would no longer being considered for a permanent position; and (3) as discussed by the Court in *Clair*, because she was terminated the very

same day of her complaint, a causal connection between the protected activity of complaining about the sexual harassment and the adverse employment action (her termination).

Therefore, based on the foregoing, we will recommend that the Court deny Defendant's Document 4 Motion to Dismiss based on Rules 12(b)(6) and 8(a). We will also recommend that the Court deny Defendant's alternate Motion for a More Definite Statement based on Rule 12(e) with regards to Plaintiff's Count III Title VII retaliation claim and her Count V PHRA retaliation claim.

**V.     RECOMMENDATION.**

Based on the foregoing discussion, we respectfully recommend that the Court:

1.      **GRANT** Plaintiff's request to voluntarily dismiss Counts I, II and IV of her

Document 1 Complaint and dismiss these claims with prejudice.

2.      **DENY** Defendant's **Document 4** Motion to Dismiss with regards to Plaintiff's

Count III Title VII retaliation claim and her Count V PHRA retaliation claim.

3.      **DENY** Defendant's alternative Document 4 Motion for a More Definite

Statement with regards to Plaintiff's Count III Title VII retaliation claim and

her Count V PHRA retaliation claim.

4.      **REMAND** this case to the undersigned for further proceedings with regards

to Plaintiff's Count III Title VII retaliation claim and her Count V PHRA

retaliation claim.  _____

_____

_____          **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**


**Dated: March 5, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TRACY M. BARR,                            :        CIVIL ACTION NO. **4:CV-12-2020**
                                          :
        Plaintiff                   :        (Judge Brann)
                                          :
        v.                     :        (Magistrate Judge Blewitt)
                                          :
TEXTRON, INCORPORATED,         :
t/a TEXTRON/LYCOMING ENGINES,  :
                                          :
        Defendant          :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 5, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 5, 2013**